# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 17, 2024

Lyle W. Cayce
Clerk

―――――――

No. 23-30748
Summary Calendar

―――――――

United States of America,

*Plaintiff—Appellee*,

*versus*

Melvin Hamilton,

*Defendant—Appellant*.

―――――――――――――――――――――

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:23-CR-11-1

―――――――――――――――――――――

Before Barksdale, Southwick, and Graves, *Circuit Judges*.

Per Curiam:*

Melvin Hamilton challenges his bench-trial conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He asserts the evidence was insufficient to support his conviction, renewing his assertion that the firearm seized at the scene of his offense was not the same firearm described in the indictment.

―――――――――――――――――

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30748

Review is for substantial evidence, meaning the evidence must be "sufficient to justify the trial judge, as the trier of fact, in concluding beyond a reasonable doubt that the defendant is guilty". *United States v. Tovar*, 719 F.3d 376, 388 (5th Cir. 2013) (citation omitted). "[W]e must view all evidence in the light most favorable to the government and defer to all reasonable inferences drawn by the trial court". *Id.* (citation omitted). Under that standard, the record shows the district court's finding of guilt was supported by substantial evidence.

For the first time on appeal, Hamilton contends § 922(g)(1) violates the Second Amendment in the light of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). Because he did not raise this issue in district court, review is only for plain error (as he also concedes). *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Hamilton must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted). As Hamilton concedes, this contention is foreclosed by our recent rejection of a plain-error challenge to § 922(g)(1) under *Bruen*. *See United States v. Jones*, 88 F.4th 571, 573–74 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 1081 (2024). (Hamilton states that, in the event of an adverse disposition for this issue, he raises it to preserve it for possible further review.)

AFFIRMED.